IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| GINO EDWARDS, BRAD HULTGREN, and DEAUNTAE TATUM, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NASCOTE INDUSTRIES, INC. d/b/a MAGNA EXTERIORS BELVIDERE, <br><br> Defendant. | CASE NO. 20-cv-1554 |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Gino Edwards, Brad Hultgren, and Deauntae Tatum, on behalf of themselves and other persons similarly situated, through their attorney, Hughes Socol Piers Resnick & Dym, Ltd., complain against Defendant Nascote Industries, Inc. d/b/a Magna Exteriors Belvidere ("Magna") as follows:

### NATURE OF THE ACTION

1. This is an action for unpaid wages brought against Defendant for state and federal wage and hour violations stemming from Defendant's miscalculation of Plaintiffs' regular rate when determining overtime pay. Plaintiffs bring this action against Defendant to recover unpaid wages, interest, statutory penalties, liquidated damages, and attorneys' fees and costs owed to them and other similarly situated current and former employees. Plaintiffs also bring this action to obtain declaratory and injunctive relief as well as all other relief that the Court deems appropriate.

**JURISDICTION**

2. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**VENUE**

3. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district and because the Defendant resides in this judicial district. *See* 28 U.S.C. § 1391(b).

**PARTIES**

4. Gino Edwards ("Edwards") worked for Magna from before 2017 until December 2019. He worked as a logistics team leader, and his job duties included inspecting equipment, auditing material, coordinating shipping of material, and supervising the timely flow of materials to the production line.

5. Brad Hultgren ("Hultgren") worked for Magna from November 2017 until October 2019. Mr. Hultgren also worked in logistics, and his job duties included ensuring timely flow of materials to the production line.

6. Deauntae Tatum ("Tatum") worked for Magna from October 2017 until July 2019. Mr. Tatum worked as a warehouse team leader, and his job duties included operating a forklift and supervising the warehousing of materials.

7. Defendant is an automotive supplies company incorporated in Delaware and headquartered in Illinois.

8. During relevant times, Magna employed Edwards, Hultgren, and Tatum for purposes of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/3(d).

### Enterprise Status

9. From March 3, 2017 to the present, Defendant constituted an "enterprise engaged in commerce" as that term is defined in the FLSA because it performed related activities (either through unified operation or common control) for a common business purpose.

10. During relevant times, Defendant engaged in over $500,000 in annual sales or business.

11. During relevant times, Defendant's employees handled or sold goods or materials that moved in interstate commerce.

### Unpaid Overtime

12. From March 3, 2017 until the present, Defendant failed to pay Plaintiffs and other workers appropriate overtime premium pay as required by the FLSA and IMWL.

13. Defendant's FLSA and IMWL violations stemmed from a miscalculation of Plaintiffs' regular rate of pay.

14. Defendant paid Plaintiffs and other workers a gainsharing bonus each quarter that was designed to reward employees for increases in production and efficiency and was based on performance and productivity metrics that were announced to workers on a regular basis. During monthly meetings, Defendant updated Plaintiffs and other workers on the company's and individual teams' progress toward meeting performance goals and encouraged Plaintiffs and other workers to improve their performance to attain larger quarterly bonuses. Defendant announced the amounts of the gainsharing bonuses at quarterly meetings.

15. When calculating Plaintiffs' and other workers' regular rates, Defendant failed to include money paid to workers for these quarterly bonuses that formed part of Plaintiffs' compensation. *See* 29 C.F.R. § 778.117.

16. Consequently, when Plaintiffs and other hourly employees worked more than forty hours in a workweek, Defendant paid them substantially less than one-and-a-half times Plaintiffs' regular hourly rate for hours worked in excess of forty in a workweek.

17. Sample payroll records revealing the overtime violation are attached as Exhibit A.

18. Plaintiffs' FLSA opt-in forms are attached as Exhibit B, in accordance with 29 U.S.C. 216(b).

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

18. Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA overtime requirement, as opt-in representatives of a collective action on behalf of themselves and an **"FLSA Overtime Class,"** consisting of all individuals who worked for Magna in Illinois as an hourly employee between March 3, 2017 and March 3, 2020, and who received a quarterly bonus covering a time period in which the individual worked over forty hours in at least one workweek.

19. Plaintiffs bring the claims in Count II, alleging violations of the IMWL, on behalf of themselves and an **"IMWL Overtime Class,"** consisting of all individuals who worked for Magna in Illinois as an hourly employee between March 3, 2017 and March 3, 2020, and who received a quarterly bonus covering a time period in which the individual worked over forty hours in at least one workweek.

20. There are legal and factual questions that are common to Plaintiffs' and the IMWL Overtime Class Members' claims under the IMWL that predominate over any question(s)

4

solely affecting individual members of the class. One such question is whether Magna engaged in a pattern, practice, or policy of forcing, suffering, or permitting employees to work in excess of forty hours in a work week and failing to pay them at least one-and-a-half times their regular rate of pay for overtime hours.

21. The Classes for whose benefit this action is brought are each so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. Defendant miscalculated the regular rate of pay for hundreds of its employees during the relevant class period.

22. Plaintiffs will fairly and adequately protect the interests of the Classes that he seeks to represent. Plaintiffs' claims are typical of the claims of other Class Members because Plaintiffs were hourly employees of Magna who, like the other members of the Classes, sustained damage arising out of Defendant's failure to pay the correct overtime rate of pay.

25. Plaintiffs have retained counsel competent and experienced in complex and class action litigation, including wage and hour litigation.

26. A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

27. The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient

adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

## COUNT I
## FLSA Overtime Class

28. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

29. Defendant willfully refused to pay overtime premiums required by FLSA, 29 U.S.C. § 207(a), which requires an employer to pay its hourly, non-exempt employees at a rate of not less than one-and-a-half times the regular rate of pay for all hours worked in excess of forty in any workweek.

30. Defendant's FLSA violations were clear and obvious. The miscalculation of Plaintiffs' regular rate can be determined simply by examining the Plaintiffs' paychecks.

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment against Magna and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Magna's conduct violated the FLSA;

d. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

## COUNT II
## IMWL Overtime Class

31. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

32. This count is brought against Magna on behalf of:

all individuals who worked for Magna as an hourly employee between March 3, 2017 and March 3, 2020, who worked a total of more than forty hours in a workweek, and whose quarterly bonuses were not included in their regular rate of pay.

33. Magna refused to pay overtime premiums as required by the IMWL, 820 ILCS 105/4, which requires an employer to pay its hourly, non-exempt employees at a rate of not less than one-and-a-half times the regular rate of pay for all hours worked in excess of forty in any workweek.

## **PRAYER FOR RELIEF**

Plaintiffs ask the court to enter judgment against Magna and issue an order:

a. Certifying a class as defined in this count;

b. Appointing Plaintiffs Edwards, Hultgren, and Tatum as representatives of the class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate 820 ILCS 105/4;

e. Awarding unpaid wages due as provided by the IMWL;

f. Awarding prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

g. Awarding penalties in the amount of 5% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

h. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

i. Providing injunctive relief requiring Magna to pay all statutorily-required wages and penalties and barring future violations; and

j. Awarding such other relief as this Court deems just and proper.

**<u>Jury Demand</u>**

Plaintiffs demand a jury trial on all claims for which a jury trial is available.

March 3, 2020　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Christopher J. Wilmes
　　　　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Plaintiffs

Christopher J. Wilmes
Justin Tresnowski
**Hughes Socol Piers Resnick & Dym, Ltd.**
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 580-0100